IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN WASHBURN,

                Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

Case No. 25-4040-DDC-GEB

### MEMORANDUM AND ORDER

Plaintiff Allen Washburn, proceeding pro se,[1] filed this lawsuit against the Social Security Administration in state court, challenging defendant's delay in denying his application for disability benefits. Doc. 1-1 at 3. Defendant removed the suit to this court under 28 U.S.C. § 1442(a)(1), which allows an agency of the United States to remove a "civil action . . . commenced in a State court . . . to [a] district court of the United States[.]" *See* Doc. 1 at 1. Defendant now has moved to dismiss, asserting that the state court lacked jurisdiction over plaintiff's lawsuit, so this federal court lacks jurisdiction over the lawsuit under a doctrine known as derivative jurisdiction. Doc. 8. Plaintiff hasn't responded to defendant's motion and the time to do so has passed.

A party must raise a derivative-jurisdiction issue within "the 30-day window for challenging removal defects [under] 28 U.S.C. § 1447(c)" or the party waives it. *Lake Irwin*

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.*

*Coal. v. Smith*, No. 19-CV-01056-CMA-STV, 2023 WL 3945471, at *3 (D. Colo. June 12, 2023).  And a defendant may raise a derivative-jurisdiction defect only if defendant removed the case under a statute other than the general removal statute, 28 U.S.C. § 1441.  *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs*, 61 F.4th 1225, 1239 (10th Cir. 2023).  The Supreme Court explained the doctrine of derivative jurisdiction, which has persisted for more than a century, this way:  "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."  *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).  Put simply, if the state court lacked subject-matter jurisdiction, then the federal court does, too.  As shown below, defendant has satisfied each of the necessary derivative-jurisdiction requirements.

Start with the procedural requirements.  Defendant moved to dismiss on derivative-jurisdiction grounds within seven days of removal, making defendant's motion timely.  Doc. 8.  And defendant "chose to remove under § 1442, so the derivative-jurisdiction doctrine applies."  *High Lonesome Ranch*, 61 F.4th at 1239.

Now, on to the substance.  Thanks to sovereign immunity, plaintiff may only bring this lawsuit against the United States[2] under the Federal Tort Claims Act.  *See Lopez v. United States*, 823 F.3d 970, 975–76 (10th Cir. 2016); *see also Washburn v. Soc. Sec. Admin.*, No. 25-4013-JAR-GEB, 2025 WL 918170, at *3 (D. Kan. Mar. 26, 2025) (construing plaintiff's—this same plaintiff's—nearly identical claims against the Social Security Administration as FTCA claims).  State courts lack subject-matter jurisdiction to hear FTCA claims.  28 U.S.C. § 1346(b)(1)

---

[2]  "The United States is the only proper defendant in an FTCA action."  *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quotation cleaned up).  Plaintiff has sued the Social Security Administration, not the United States.  Fixing this error would not fix plaintiff's derivative-jurisdiction problem, so the court need not give plaintiff leave to amend because amendment would prove futile.

(granting federal district courts exclusive jurisdiction over tort claims against the United States for money damages); *see also* 28 U.S.C. § 2679(b)(1) (making § 1346(b)(1) exclusive remedy for suits against federal agency employees).  Plaintiff himself identifies his claim as a tort claim and seeks $4 million in damages.  Doc. 1-1 at 3.  So, the state court where plaintiff brought this suit lacked subject-matter jurisdiction and, perforce, this court lacks subject-matter jurisdiction.

The court thus grants defendant's Motion to Dismiss (Doc. 8) and dismisses this case without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 8) is granted.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2026, at Kansas City, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
